UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

RAMBO EL,

    Plaintiff,

v.                                                Hon. Hala Y. Jarbou

AYSIA MARIE PEREZ, et al.,          Case No. 1:21-cv-96

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff, who identifies himself as Rambo El, d/b/a Randy Tyrease Joy, filed a document titled "Legal Notice of Removal" in this Court on January 28, 2021, naming Aysia Marie Perez and Eric Rodriguez as Defendants. Plaintiff alleges that Defendants are residents of Uvalde, Texas. Having granted Plaintiff's motion to proceed as a pauper, the Court has conducted an initial review pursuant to 28 U.S.C. § 1915(e)(2) to determine whether the action is frivolous, malicious, or fails to state a claim upon which relief can be granted.

    As an initial matter, the "Legal Notice of Removal" purports to be a removal of Case No. 20130229086-CV pending in the 38th District Court in Uvalde County, Texas. (ECF No. 1 at PageID.1.) Although it is questionable whether Plaintiff's filing is actually a notice of removal, to the extent the Court interprets it as such, I recommend that the Court dismiss it as improper. First, pursuant to 28 U.S.C. § 1441(a), a civil action "may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." Because Uvalde County is located within the Western District of Texas, 28 U.S.C. § 124(d)(5), the case is removable only to that district. Moreover, only a defendant may remove a case, 28 U.S.C. § 1441(a); *see Thomas v. Advance Housing, Inc.*, 475 F. App'x 405, 407 (3d Cir. 2012)

("[P]laintiffs cannot remove suits to federal court[.]"), and there is no indication that Plaintiff is a defendant in the Texas case.

To the extent Plaintiff's Legal Notice of Removal is construed as an original filing, it is subject to dismissal for failure to state a claim and lack of jurisdiction. Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

Plaintiff's allegations are not easy to decipher, and most of his pleading consists of legal statements and citations. However, he alleges that his "child and trust property Jae' Anna Marie Perez was kidnapped," and that Defendant Aysia Marie Perez committed the kidnapping. (ECF No. 1 at PageID.2.) Plaintiff further alleges that Defendant Rodriguez "is a sexual predator and danger to my daughter and trust property Jae' Anna Marie Perez." Plaintiff alleges that a sexual assault case was pending in Uvalde, Texas, and that he went to Uvalde to investigate the case but was told that the case was sealed. Plaintiff states that Detective Adrian Gonzalez of the Uvalde, Texas Police Department informed him that there was enough evidence to prosecute Defendant Rodriguez but that the case was still pending because he had not yet presented it. Plaintiff further alleges that on January 19, 2021, Defendant Aysia Marie Perez testified under penalty of perjury that Defendant Rodriguez is violating Texas Penal Code § 22.041. (*Id.*)

Plaintiff's pleading contains two counts: 1) violation of 18 U.S.C. § 1201—kidnapping; and 2) violation of 18 U.S.C. § 2243—sexual abuse of a minor. Section 1201 is a criminal statute that does not authorize a plaintiff to bring a civil claim. *See Harnden v. Croswell-Lexington Cmty. Schs.*, No. 15-cv-12738, 2016 WL 2731188, at *2 (E.D. Mich. May 11, 2016) ("there is no private right of action for purported violations of the Federal Kidnapping Act"); *Monroe v. McNairy Cty.*, 850 F. Supp. 2d 848, 876 (W.D. Tenn. 2012) ("[T]he Federal Kidnapping Act is a criminal statute, and there is no indication that Congress intended to create a private right of action for violations of its provisions."); *Bey v. State of Ohio*, No. 1:11 CV 1306, 2011 WL 4944396, at *3 (N.D. Ohio Oct. 17, 2011) ("[C]laims under 18 U.S.C. § ... 1201 (kidnapping) ... are criminal statutes and provide no cause of action to civil plaintiffs."). Likewise, Section 2243 is a criminal statute. *See Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562 (2017) (noting that "18 U.S.C. § 2243[] criminalizes 'sexual abuse of a minor or ward'"). Nothing in the statute indicates that Congress

intended to create a private right of action. *See Lampon-Paz v. Dep't of Justice*, No. 16-9071, 2019 WL 2098831, at *7 (D.N.J. May 14, 2019) ("The plaintiff cites 18 U.S.C. §§ 2242, 2243, 2244. Those are criminal statutes relating to sexual abuse. They do not create a private right of action.").

In a separate section titled "Cause of Action," Plaintiff appears to allege that in a prior Texas domestic relations action, he was ordered to pay fines and costs. Plaintiff does not indicate the party against whom this cause of action is directed, but he states:

> The STATE OF TEXAS 38TH DISTRICT COURT is an unconstitutional, private corporation, not delegated by Congress, under Article III, Section 2 of the Constitution; and that the Officers does [sic] not, and did not provide "Due Process" protected and secured for the People, by the Amendments IV, V, VI, VII, VIII, IX, and X of the United States Constitution, to which the Judges and Officers in every State is bound (by Official Oath) to support and to uphold. Any statutory regulation, ordinance, or laws of any State, to the contrary, notwithstanding.

(ECF No. 1 at PageID.5.) To the extent Plaintiff is attacking the validity of the Texas 38th District Court's orders in a prior proceeding, this Court lacks jurisdiction to review them. This Court does not possess direct oversight powers over Michigan's or any other state's courts. *See Raymond v. Moyer*, 501 F.3d 548, 550–51 (6th Cir. 2007); *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003). Plaintiff's recourse in response to an adverse decision from a Texas state court was to pursue his appeals through the Texas appellate courts and, if necessary, to seek a writ of certiorari from the United States Supreme Court. This court lacks jurisdiction to grant Plaintiff the relief he seeks. *See District of Columbia Circuit Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007).

## CONCLUSION

For the foregoing reasons, I recommend that the Court: (1) dismiss Plaintiff's filing as an improper removal; or, alternatively, (2) construe Plaintiff's filing as a complaint and **dismiss it with prejudice**.

4

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1961), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11.


Date:  February 3, 2021                    /s/ Sally J. Berens
                                           SALLY J. BERENS
                                           U.S. Magistrate Judge

**NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).